James A. Francis, I.D. No. JF 6355
Mark D. Mailman, I.D. No. MDM 1122
John Soumilas, I.D. No. JS 0034
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERIC J. BAKER, on behalf of himself and all others similarly situated,  )<br>)<br>Plaintiff,  )<br>vs.  )<br>)<br>VISA U.S.A., INC.,  )<br>and  )<br>INTER NATIONAL BANK,  )<br>and  )<br>NETSPEND CORPORATION,  )<br>Defendants.  )<br>) | C.A. No. 08-<br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

**I.   NATURE OF THE ACTION**

1.   This is a consumer class action arising out of Defendants' deceptive and misleading practices in making available for purchase and use the All-Access Visa Gift Card in the State of New Jersey. Defendants' practices violate the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq*. ("CFA"), the New Jersey Gift Card Act, N.J.S.A. 56:8-110 ("GCA"), and the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act (N.J.S.A. 56:12-14 *et seq*. ("TCCWNA"). Plaintiff seeks damages for himself and the Class and injunctive relief.

## II. PARTIES

2. Plaintiff Frederic J. Baker is an adult individual who resides in Marlton, New Jersey.

3. Defendant Visa U.S.A. Inc. ("Visa") is a non-stock Delaware corporation with a principal place of business in San Francisco, California.

4. Defendant Inter National Bank ("INB") is a banking corporation with a principal place of business in McAllen, Texas.

5. Defendant NetSpend Corporation ("NetSpend") is a business corporation with a principal place of business in Austin, Texas.

6. Defendants by themselves and in concert with each other are in the business of selling and servicing the All-Access Visa Gift Card within the State of New Jersey.

## III. JURISDICTION AND VENUE

7. Jurisdiction over this matter is conferred upon this Court by the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), in that there is diversity of citizenship between the Plaintiff and members of the proposed Class and Defendants, and the aggregate amount in controversy is in excess of five million dollars ($5,000,000.00).

8. Venue lies in this judicial district in that the events which gave rise to this claim occurred within this district.

## IV. FACTUAL ALLEGATIONS

9. Defendants' Gift Cards were at all pertinent times used by New Jersey consumers in retail stores located in New Jersey and elsewhere.

10. Defendants' Gift Cards are tangible devices, whereon is embedded or encoded in an electronic format a value issued in exchange for payment, which promises to provide to the bearer merchandise of equal value to the remaining balance of the device.

11. In or around November 2007, Plaintiff obtained a Gift Card in the amount of $50.00,. The Gift Card was sold in a cardboard package, copies of the interior and exterior of which are attached hereto as Exhibit A.

12. The Gift Card package contains the following provisions, all of which were printed in a type size smaller than 10 point font:

    (a) "Card good through 11.09."

    (b) "The funds on this card do not expire."

    (c) "The monthly administrative fee of $2.95 will be waived for the first 6 months from date of purchase."

13. Defendants' policy and/or practice is to charge a monthly dormancy fee of $4.95 against the unused value of the Gift Cards after 6 consecutive months.

14. Pursuant to Defendants' policy and practice of charging monthly dormancy fees,

    (a) the representation that "Card good through 11.09" was necessarily false, because the accumulation of monthly dormancy fees would make the $50.00 Gift Card valueless and unusable well before November 2009, even if the user made no purchases whatsoever on the Gift Card;

    (b) the representation that "The funds on this card do not expire" was necessarily false because the accumulation of monthly dormancy fees would make the Gift Card expire even if the user made no purchases on the Gift Card;

(c) the representation that "The monthly administrative fee of $2.95 will be waived for the first 6 months from date of purchase" was necessarily false because Defendants' practice and policy was to charge monthly dormancy fees of $4.95 after the first 6 months and also constituted an admission that Defendants charged monthly dormancy fees in excess of the $2.00 monthly fee permitted by the GCA.

15. The GCA, N.J.S.A. § 56:8-110(a)(1), provides that in no case shall a gift card expire within the 24 months immediately following the date of sale.

16. The GCA, N.J.S.A. § 56:8-110(a)(2), provides that no dormancy fee shall be charged within the 24 months following the sale of the gift card or following the most recent activity or transaction in which the gift card was used.

17. The GCA, N.J.S.A. § 56:8-110(a)(3), provides that a dormancy fee shall not exceed $2.00 per month.

18. A Gift Card that contains a provision assessing a dormancy fee after 6 months is less valuable than a Gift Card that does not contain such a provision.

19. A Gift Card that will be assessed a $4.95 monthly dormancy fee after 6 months is less valuable than a Gift Card that is not assessed such a fee, or which is accessed a smaller monthly fee.

20. Plaintiff and those similarly situated have suffered an ascertainable loss.

21. Plaintiff and those similarly situated will suffer an ascertainable loss in the future.

22. Defendants' Gift Card is less valuable than it would have been if Defendant had complied with the GCA.

23. The text on Defendants' Gift Cards and on the packaging of the Gift Cards since January 4, 2007 describing the dormancy fee is printed in a type that is smaller than ten point font.

24. The Gift Card does not provide written notice, in at least 10 point font, of a telephone number which the consumer may call for information concerning any expiration date or dormancy fee.

25. The terms and conditions that Defendant attempted to impose in connection with the Gift Card include the term that the monthly dormancy fee will be deducted "except where prohibited by law," which violates the TCCWNA.

26. The terms and conditions that Defendant attempted to impose in connection with the Gift Card include purported waivers of rights under New Jersey law, which violates the TCCWNA.

## CLASS ACTION ALLEGATIONS

27. This action is brought as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of himself and all others similarly situated on behalf of the following Class:

> All persons who purchased or used an All Access Visa Gift Card in the form attached to this Complaint, in any amount, in New Jersey at any time from a date six (6) years prior to the filing of this Complaint and continuing through to the completion of this litigation. For purposes of Count Two of this Complaint, Plaintiff also brings this action on behalf of a Subclass of all such persons who purchased or used the All Access Visa Gift Card at any time from April 4, 2006 and continuing through to the completion of this litigation.

28. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

5

29. Plaintiff's claims are typical of the claims of the members of the Class, since all such claims arise out of the purchase and use of Gift Cards in the State of New Jersey.

30. Plaintiff does not have interests antagonistic to the interests of the Class.

31. The Class, of which Plaintiff is a member, is readily identifiable.

32. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation and class actions.

33. There are questions of law and fact common to the members of the Class. These common questions include:

  a. Whether Defendants' Gift Card constitutes the use of an unconscionable commercial practice, deception, fraud, false pretense, false promise, or misrepresentation in violation of the CFA;

  b. Whether Defendants' Gift Card constitutes the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in violation of the CFA;

  c. Whether Defendants' Gift Card which expires within the 24 months following the date of sale violates the GCA, the CFA and/or the TCCWNA;

  d. Whether Defendants' Gift Card that charges a dormancy fee within the 24 months following the date of sale or the most recent activity violates the GCA, the CFA and/or the TCCWNA;

  e. Whether Defendants' Gift Card that falsely represented the expiration date violates the GCA, the CFA and/or the TCCWNA;

    f.  Whether Defendants' Gift Card which charged the user a dormancy fee in excess of $2.00 a month violates the GCA, the CFA and/or the TCCWNA;

    g.  Whether the dormancy fee provision described on the Gift Card used by Plaintiff and those similarly situated violates the GCA and/or the CFA and whether that provision is enforceable on Gift Cards used in New Jersey;

    h.  Whether Defendants' sale of a Gift Card on or after January 4, 2007 which contained an expiration date or dormancy fee provision not printed in at least 10 point font on the Gift Card, the sales receipt for the Gift Card, or the package for the Gift Card violates the GCA and/or TCCWNA;

    i.  Whether Defendants' sale of a Gift Card on or after January 4, 2007 which contained an expiration date or dormancy fee provision without providing in at least 10 point font the telephone number which the consumer may call for information concerning the dormancy on the Gift Card, sales receipt, or the package for the Gift Card violates the GCA and/or TCCWNA;

    j.  Whether the sale to Plaintiff and those similarly situated of a Gift Card that contains a provision which states that it is or may be void in some jurisdictions without specifying whether that provision is void within the State of New Jersey violates the TCCWNA;

    k.  Whether the provision that a fee will be charged on the Gift Card after 6 months has diminished the value of those Gift Cards and whether that reduction in value constitutes an ascertainable loss under the CFA; and

    l.  Whether the future use in New Jersey of Defendants' Gift Cards which contain a provision that a fee will be charged after 6 months violates the GCA, the CFA or TCCWNA and should be enjoined pursuant to the CFA's injunctive remedies.

7

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. While the economic damages suffered by the individual class members are significant, the amount is modest compared to the expense and burden of individual litigation. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

31. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

32. The prosecution of separate actions by individually members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action. Prosecution as a class action will eliminate the possibility of repetitious litigation.

33. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

34. Plaintiff does not anticipate any difficulty in the management of this litigation.

## COUNT I

### New Jersey Consumer Fraud Act

35. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

36. The Gift Card constituted "merchandise" within the meaning of the CFA, N.J.S.A. 56:8-1(c).

37. Defendants have violated the CFA as they have used and employed unfair and

8

deceptive practices in connection with the Gift Card by engaging in the following acts:

   (a) misrepresenting the expiration date of the Gift Card;

   (b) misrepresenting the terms and the amount of the monthly dormancy fee charged by Defendants;

   (c) charging and collecting dormancy fees during a time period and in an amount not permitted by law;

   (d) violating the GCA and the TCCWNA as set forth above and in Counts II and III.

## COUNT II

### New Jersey Gift Card Act

38. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

39. With respect to Gift Cards sold in New Jersey since April 4, 2006, the GCA, N.J.S.A. 56:8-110(a), prohibits the expiration of a gift card within 24 months following the date of sale, prohibits the charging of a dormancy fee in excess of $2.00, prohibits the charging of a dormancy fee within 24 months immediately following the date of sale, and prohibits the charging of a dormancy fee within 24 months after most recent activity or transaction in which the Gift Card was used.

40. The GCA requires that the terms of any dormancy fee applicable to a gift card shall be disclosed to a consumer by:

   (a) written notice of the expiration date or dormancy fee or both printed in at least 10 point font, on the gift certificate or gift card, or the sales receipt for the certificate or card, or the package for the certificate or card; and

9

(b) written notice, in at least 10 point font, on the gift certificate or gift card, or the sales receipt for the gift certificate or gift card, or the package for the gift certificate or gift card, of a telephone number which the consumer may call for information concerning any expiration date or dormancy fee.

41. Defendants have violated the GCA because, among other things, the Gift Cards expire within 24 months following the sale, the Gift Card provided that a dormancy fee will be assessed within 24 months, and such fees were in excess of $2.00 per month.

42. Defendant has violated the GCA because it failed to provide written notice of the dormancy fee printed in at least 10 point font on the Gift Card, or the sales receipt for the Gift Card, or the package for the Gift Cards sold on or after January 4, 2007.

43. Defendant has violated the GCA because it failed to provide written notice, in at least 10 point font, on the Gift Card, or the sales receipt for the Gift Card, or the package for the Gift Card, of a telephone number which the consumer may call for information concerning any expiration date or dormancy fee for Gift Cards sold on or after January 4, 2007.

44. Defendants' business practices constitute unconscionable commercial practices, deception, fraud, false promises, false pretenses and/or misrepresentations in its interactions with Plaintiff and those similarly situated, in violation of the CFA.

45. The Visa Gift Card sold to Plaintiff and those similarly situated contained provisions that purported to provide that it might be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable in the State of New Jersey, and this practice constitutes an unfair and deceptive act.

46. Defendant knowingly omitted material facts by failing to specify which provisions on the Visa Gift Card sold to Plaintiff and those similarly situated are not void, unenforceable or inapplicable within the State of New Jersey as required by the TCCWNA.

47. Plaintiff and those similarly situated suffered ascertainable losses as described herein.

## COUNT III
### Truth-in-Consumer Contract, Warranty and Notice Act

48. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

49. Defendants' Gift Cards are consumer notices and/or contracts subject to TCCWNA.

50. The printed, cardboard packages in which Defendants' Gift Cards were sold are consumer notices and/or contracts subject to TCCWNA.

51. TCCWNA, at N.J.S.A. 56:12-15, prohibits any seller from giving or displaying a written consumer notice that includes a provision that violates a clearly established right of the consumer or responsibility of the seller as established by New Jersey or federal law.

52. The TCCWNA prohibits any seller from offering or entering into a written consumer notice that includes a provision that violates a clearly established right of the consumer or responsibility of the seller as established by New Jersey or federal law.

53. Defendants' Gift Card includes multiple violations of the TCCWNA, including, without limitation, the following:

    (a) The Gift Card includes an expiration date within 24 months of the date of sale, in violation of N.J.S.A. 56:8-110(a)(1);

11

(b) The Gift Card includes a provision imposing a dormancy fee within 24 months, in violation of N.J.S.A. 56:8-110(a)(2);

(c) The Gift Card includes a provision imposing a dormancy fee in excess of $2.00, in violation of N.J.S.A. 56:8-110(a)(3);

(d) The Gift Card includes a provision for an expiration date or dormancy fee printed in substantially small than 10 point font, in violation of N.J.S.A. 56:8-110(b)(1);

(e) The Gift Card includes a provision imposing a dormancy fee that does not include a telephone number which the consumer may call for information concerning the dormancy fee, in violation of N.J.S.A. 56:8-110(b)(2).

54. The TCCWNA, at N.J.S.A. 56:12-16, provides that, "No consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey."

55. Defendants' Gift Card violates the TCCWNA by including provisions which purport to provided that it is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey.

56. Defendants' Gift Card package violates the TCCWNA by purporting to require consumers to waive their rights under law.

### VII. JURY TRIAL DEMAND

57. Plaintiff demands trial by jury on all issues so triable.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, demands judgment against the Defendant as follows:

A. For injunctive relief prohibiting Defendants from future violations of the CFA, the GCA, and the TCCWNA;

B. For injunctive relief prohibiting Defendants from misrepresenting the expiration date on its Gift Cards;

C. For injunctive relief prohibiting Defendants from charging a dormancy fee contrary to the GCA on Gift Cards sold in New Jersey since April 4, 2006;

D. For injunctive relief compelling Defendants to inform their Gift Card customers that no dormancy fee will be assessed on Gift Cards purchased after April 4, 2006 that did not contain the disclosures required by the GCA;

E. For injunctive relief barring Defendants from charging dormancy fees in contravention of the requirements of the GCA and in excess of $2.00 per month;

F. For a declaratory judgment that the Defendants violated the GCA, the CFA and TCCWNA;

G. For disgorgement of all fees collected by Defendant in violation of the GCA;

H. For actual damages;

I. For treble damages pursuant to N.J.S.A. 56:8-19;

J. For maximum statutory damages pursuant to N.J.S.A. 56:12-17 and all other applicable statutes for each separate violation of N.J.S.A. 56:12-15;

K. For maximum statutory damages pursuant to N.J.S.A. 56:12-17 and all other applicable statutes for each separate violation of N.J.S.A. 56:12-15;

L.  For maximum statutory damages pursuant to N.J.S.A. 56:12-17 and all other applicable statutes for each separate violation of N.J.S.A. 56:12-16 appearing on Defendants' Gift Card;

M.  For maximum statutory damages pursuant to N.J.S.A. 56:12-17 and all other applicable statutes for each separate violation of N.J.S.A. 56:12-16 appearing on Defendants' Gift Card package;

N.  For reasonable attorneys' fees and costs of suit in connection with this action pursuant to N.J.S.A. 56:8-19 and N.J.S.A. 56:12-17;

O.  For pre-judgment and post-judgment interest; and

P.  For such other and further relief as Plaintiff and all others similarly situated may be entitled or as the Court deems equitable and just.

## NOTICE TO ATTORNEY GENERAL OF ACTION

A copy of this complaint will be mailed to the Attorney General of the State of New Jersey within ten days after the filing with the Court, pursuant to N.J.S.A. § 56:8-20.

                                            Respectfully submitted,
                                            **FRANCIS & MAILMAN, P.C.**

BY:    */s/ JOHN SOUMILAS*
           JAMES A. FRANCIS
           MARK D. MAILMAN
           JOHN SOUMILAS
           Land Title Building, 19th Floor
           100 South Broad Street
           Philadelphia, PA 19110
           (215) 735-8600

           **DONOVAN SEARLES, LLC**
           DAVID A. SEARLES
           1845 Walnut Street, Suite 1100
           Philadelphia, PA 19103
           (215) 732-6067

           Attorneys for Plaintiff and the Class

Dated: November 18, 2008