**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **FREDRIC J. BAKER,** ) | |
| ) | **Civil Action No. 08-5668 (JHR/KMW)** |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **INTER NATIONAL BANK, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## <u>ORDER</u>

AND NOW, this ___ day of _____, 2013, upon consideration of Plaintiff's Motion for Award of Attorneys' Fees, Reimbursement of Expenses and Award to Class Representative, and the response of Defendants, if any, it is HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's counsel is awarded fees in the amount of $289,759.50 and costs in the amount of $4,874.53.  Class Representative Fredric J. Baker is awarded an individual settlement award in the amount of $6,000.00.  Defendants shall pay such sums in accordance with the terms of the Settlement Agreement.

BY THE COURT;

_____
JOSEPH H. RODRIGUEZ, U.S.D.J.

James A. Francis I.D. No. JF 6355
Mark D. Mailman, I.D. No. MDM 1122
John Soumilas, I.D. No. JS 0034
FRANCIS & MAILMAN, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**Attorneys for Plaintiff and Class**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FREDRIC J. BAKER,** ) | |
| ) | **Civil Action No. 08-5668 (JHR/KMW)** |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **INTER NATIONAL BANK, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF
### EXPENSES AND AWARD TO CLASS REPRESENTATIVE

Plaintiff Fredric J. Baker hereby moves this Court for an award of attorneys' fees and

costs, as prevailing party in this class action settlement, and also for an award to the Class

Representative.   The reasons supporting this Motion are set forth in the accompanying

Memorandum of Law and Declarations of Class Counsel.

Date: February 18, 2013                    Respectfully submitted,

                                           **FRANCIS & MAILMAN, P.C.**

                                           */s/ James A. Francis*
                                           JAMES A. FRANCIS
                                           100 South Broad Street, 19th Floor
                                           Philadelphia, PA 19110
                                           (215) 735-8600

**DONOVAN AXLER, LLC**
NOAH I. AXLER
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 732-6067

James A. Francis I.D. No. JF 6355
Mark D. Mailman, I.D. No. MDM 1122
John Soumilas, I.D. No. JS 0034
FRANCIS & MAILMAN, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**Attorneys for Plaintiff and Class**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **FREDRIC J. BAKER,** | ) | |
| | ) | |
| | ) | **Civil Action No. 08-5668 (JHR/KMW)** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **INTER NATIONAL BANK, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
### MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES
### AND AWARD TO CLASS REPRESENTATIVE

I.       **INTRODUCTION**

Plaintiff Frederic J. Baker and Class Counsel petition this Court for approval of an award of attorneys' fees and reimbursement of litigation expenses in accordance with the Settlement Agreement in this matter, preliminarily approved by Court Order entered November 13, 2012, and now pending final approval. Plaintiff also moves for a service award as Class Representative.

Class Counsel have devoted their time, skill, and resources to this matter wholly contingent upon a successful outcome, taking significant risks to obtain the result for the Class.

Their efforts have achieved a successful outcome and have resulted in settlement benefits, consisting of a cash value of $115,312.70, as well as enforceable practice changes by Defendants Inter National Bank and Netspend Corporation.   Solely as a result of Class Counsel's negotiations, Defendants have agreed to change the packaging of their Gift Cards at issue and to remove the alleged misrepresentations that were the subject of the Amended Complaint.

Defendant has also agreed to pay Plaintiff's reasonable attorneys' fees, costs and out-of-pocket expenses as awarded by this Court; has provided the management and legal function and has funded the costs of notice and settlement administration; and, subject to court approval, has agreed to an individual settlement award of $6,000.00 to Representative Plaintiff Fredric J. Baker.

Class Counsel now, as compensation for their achievement and effort, and for accepting the risk that there would be no recovery if they were not successful, request the Court approve the portion of the settlement providing for attorneys' fees of $289,759.50 and costs of $4,874.53.

As detailed below, Class Counsel's efforts and risks clearly justify the requested award of fees and reimbursement of expenses.  In support of their application approving payment for fees and reimbursement of costs and expenses, Class Counsel rely upon the Declarations summarizing Class Counsels' time and the expenses incurred on behalf of the Plaintiff and Class. *See* attached Declarations of James A. Francis and Noah Axler in support of Class Counsels' petition for fees and expenses, filed herewith.

The reaction of the Class supports the request for fees and expenses.  The Notice provided to Class members expressly informed them that Class Counsel would apply for an award of attorneys' fees and costs not to exceed $300,000.  To date, no Class member has

objected to the settlement or to the fee requested, which evidences both a satisfactory result and a reasonable fee.

II.   **PROCEDURAL HISTORY**

The settlement in this matter is the result of years of motion practice, discovery, litigation and settlement negotiations.  This case was undertaken and pursued on a contingent basis and represented a significant financial risk for Class Counsel.

The action originally asserted claims for violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. §56:8-2, the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. §56:12-15 and Unjust Enrichment against Defendants Inter National Bank and Netspend Corporation.  The Complaint alleged that Defendants violated the rights of consumers by issuing "All Access Visa Gift Cards" that contained unlawful and deceptive marketing representations about the cards and by overcharging consumers an Administrative Fee associated with the cards.  The Complaint asserted that the packaging of the cards contained the following 3 misrepresentations about the cards, namely that:

(a)   the cards were "good through 11.09;"

(b)   "The funds [did] not expire"; and,

(c)   "The monthly administrative fee of $2.95 [would] be waived for the first 6 months from date of purchase."

Moreover, Plaintiff alleged that Defendants were charging consumers Administrative Fees in advance of the six month period before which Administrative fees would take effect and excessively assessing an Administrative Fee of $4.95 as opposed the $2.95 Administrative Fee represented.

The matter was vigorously defended by Defendants, and the case entered into a period of significant and seemingly unending motion practice.  Defendants filed an initial motion to dismiss (Doc. 25) after the original Complaint was filed and a second motion to dismiss (Doc. 44) after the Amended Complaint was filed.  Defendants raised numerous legal defenses in their motion regarding merits of Plaintiff's claims, choice of law, constitutional standing and the adequacy of the pleadings.  Defendants also vigorously challenged the subject-matter jurisdiction of the Court raising arguments about the amount in controversy relative to the limitations of the Class Action Fairness Act ("CAFA") (Doc. 53).  Defendants further reasserted their motion to dismiss after the Court permitted Plaintiff to conduct discovery on the amount in controversy, and Defendants conceded that CAFA jurisdiction was present (Doc. 71-1).  Plaintiff in turn responded to these legal motions which required substantial research and consideration and time spent briefing and arguing the legal issues.  The Court heard several oral arguments related to the subjects of Defendants' motions.

The Court entered a Memorandum Opinion and Order on January 19, 2012 regarding the legal issues raised on Defendants' renewed motion to dismiss.  *See Baker v. Inter National Bank et al.*, 2012 WL 174956 (D.N.J. Jan. 19, 2012).  In its ruling, the Court dismissed Plaintiffs' claims for violation of the TCCWNA and Unjust Enrichment.  In addition, the Court held that Plaintiff did not have standing to challenge Defendants' first two alleged misrepresentations outlined above.  As such, Plaintiff was left with a CFA claim relating to Defendants' overcharging of the Administrative Fee associated with the cards.

Thereafter, the parties began negotiations in earnest which involved numerous telephone conferences between the parties.  After approximately four months of negotiations, the parties were able to reach general terms of a settlement that were acceptable to both parties in May

2012, subject to documentation and working out details, and requested that the Court set deadlines for seeking preliminary approval of the settlement.

The Notice available to Settlement Class members on the Settlement Administrators website informed that Class Counsel intend to apply for an award of fees and costs not to exceed $300,000.  To date, no Class member has expressed any objection to the fee request.

## III.    CLASS COUNSELS' FEE REQUEST SHOULD BE APPROVED AS FAIR AND REASONABLE

### A.    Class Counsel Are Entitled To A Reasonable Fee

While an award of attorneys' fees is mandatory under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-19 ("CFA"), the amount falls within the Court's discretion, and turns upon the unique factors of the case.  *See In re Computron Software*, 6 F. Supp.2d 313, 323 (D.N.J. 1998); *In re Prudential Ins. Co. Am. Sales Litig.,* 148 F.3d 283, 338 (3d Cir. 1998); MANUAL FOR COMPLEX LITIG., FOURTH, § 14, at 184 (2004) (MANUAL). While the factors will vary from case to case, those generally considered by the Court in making this determination may include: (i) the time and effort applied to the matter by the plaintiff's counsel;  (ii) the difficulty of the litigation; (iii) the contingent nature of the retainer; (iv) the standing, experience and expertise of counsel; (iv) the reaction of the class members.  *See Computron Software*, 6 F.Supp.2d at 323; *see also* MANUAL at § 14.122, pp. 195-96.

There are two typical methods of calculating attorneys' fees in class actions – the percentage of recovery method and the lodestar method.  *See In re Prudential Insurance Co. Sales Practices*, 148 F.3d at 332.  The lodestar method is more commonly applied in statutory fee-shifting cases.  *Charles v. Goodyear Tire & Rubber Co.,* 976 F.Supp. 321, 323 (D.N.J. 1997).

> Courts generally regard the lodestar method, which uses the number of reasonable hours times a reasonable rate, as the appropriate starting point for statutory fee shifting cases. "Because the lodestar award is decoupled from the class recovery,

the lodestar assures counsel undertaking socially beneficial litigation … an adequate fee irrespective of the monetary value of the final relief achieved for the class."

*Charles,* 976 F.Supp. at 323 (quoting *GM Trucks,* 55 F.3d at 821).  Fee shifting or statutory fee cases provide for mandatory attorneys' fees, thereby penalizing the defendant and rewarding plaintiffs' counsel for socially beneficial litigation.   *In re Prudential,* 148 F.3d at 332. Appropriate attorney's fees under the New Jersey CFA may be allowed without regard to the amount involved in underlying dispute. *Wisser v. Kaufman Carpet Co., Inc*., 188 N.J.Super. 574, 458 A.2d 119 (A.D.1983).

### B.   A Lodestar Analysis Confirms That The Fee Requested is Reasonable

Here, the claim asserted arises under the fee-shifting provisions of the CFA.  The provision for attorney fees under the CFA is mandatory as a result of the legislation's intent to encourage attorneys to take small claims in order to serve the important public policy behind the statute. *Cogar v. Monmouth Toyota*, 331 N.J.Super. 197, 751 A.2d 599 (A.D.2000).

Under New Jersey law, a court can increase or decrease the lodestar fee in light of the quality of work performed and the contingencies involved.  Counsel faced a substantial risk of losing this matter with the prospect of receiving no compensation; they bore the burden of a delay in receiving attorneys' fees because of the contingent nature of their services; they rendered quality services and obtained an excellent result for the Class through the settlement. Further, the result obtained benefits not only the members of the settlement class but also the public at large, which is an additional significant consideration.  MANUAL, at § 14.13, p. 197. Nonetheless, even though the Defendants have agreed to pay a greater amount than Class Counsel's lodestar, Class Counsel do not seek an upward adjustment of their lodestar.

The lodestar and expenses for counsel here as described in counsels' respective Declarations is as follows: for Francis & Mailman, P.C., $231,961.55 reflecting over 497.60 hours of attorney and paralegal time, and costs of $4,139.05 (*see* Appendix I); and, for Donovan Axler, LLC, $62,672.48, reflecting over 113.5 hours of attorney and paralegal time, and costs of $735.48 (*see* Appendix II).  Time for all counsel totals $289,759.50, and costs total $4,874.53, for a total amount of time and costs of $294,634.03.

1.     **Hourly Rates**

The hourly rates for the firms of Plaintiff's counsel are well within the range of what is reasonable and appropriate in this market.  See Declarations of counsel filed attached hereto. The hourly rates for the attorneys in the firms are the same as the regular current rates charged for their services in their standard non-class matters, including both contingent and non-contingent matters.  There has not been any alteration or deviation from the firms' hourly rates to account for the added complexity or increased risk factor of this action.   The attorneys concentrate their practice in the area of consumer protection litigation.  The hourly rates are within the range charged by attorneys with comparable experience levels for consumer class action litigation of a similar nature.  *See* analysis of similar fee request in *Barel v. Bank of America*, 255 F.R.D. 393, 403-04 (E.D. Pa. 2009) (awarding firms 1.35 multiplier of lodestar).

The history and biography of each firm is included in the Declarations.

2.     **Hours Expended**

In support of this motion, the Plaintiff has submitted many pages of detailed, contemporaneously produced time records specifying the date of work performed, the attorney performing the work, the nature of the work, the amount of time spent and the hourly rate charged for the tasks.  Included in the time records are reasonable, albeit conservative, estimates

of the time expected to be spent on the case after the date of this Motion.  This submission readily meets this Circuit's requirement of the degree of specificity required of a party seeking attorneys' fees in a percentage-of-recovery case.  *See Prudential*, 148 F.3d at 341-43 (district court found detailed time summaries unnecessary where it was merely using lodestar calculation to double check fee award).  Counsel's submission also meets the requirements for a statutory fee-shifting award.  *See Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3d Cir. 1990) (specificity required to extent necessary to determine if the hours claimed are unreasonable for the work performed).  The Declarations submitted herewith also set forth the basis for the division of labor among the firms and their efforts to litigate the case in an efficient manner.  There was no time for which compensation is now requested in this case that was "excessive, redundant, or otherwise unnecessary."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  All the time submitted was reasonably necessary to achieve the successful outcome for the Plaintiffs and the Class, and fees should not be reduced simply because Plaintiff was not successful on every contention in the litigation.  *Hensley*, 461 U.S. at 436.

### 3.     Costs

The Declarations of counsel filed simultaneously herewith show that costs as set forth therein were incurred in the prosecution of this case.  The bulk of the costs related to filing fees, legal and other research, copying and mail charges.  All of the costs were advanced by Plaintiff's counsel and were necessarily incurred.  Plaintiff should be awarded the unreimbursed costs in full.

### C.     This Action Was Taken On A Totally Contingent Basis

Another factor for the Court to consider in awarding fees is the contingent nature of the litigation.  *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary*

*Corp.,* 487 F.2d 161 (3d Cir. 1973).[1]  Here, the litigation was totally contingent.  Class Counsel were unable to mitigate any of the risk of nonpayment and, in fact, were required to spend, or incur obligations, to effectively litigate this case.

Class Counsel undertook a substantial commitment of time and money to prosecute this class action.  The Class itself risked nothing out-of-pocket.

### D.    The Level of Success Achieved

Counsel obtained for the Class a very good result.  Courts have consistently recognized that the result achieved is a major factor to be considered in making a fee award.  *Hensley,* 461 U.S. at 436.  Given the nature of the litigation, the complicated issues involved, the first-impression issues inherent in the case, the risks faced, the quality of the work performed, and the rigorous defenses confronted, an award of the lodestar of Class Counsel unquestionably represents an appropriate level of compensation for the success Class Counsel achieved.  The settlement obtains a substantial recovery for the Class, represents a tangible benefit for all those Class members who could not otherwise retain any counsel to ensure their rights were protected, benefitted the public at large through the change in Defendants' marketing practices and is well within the range for similar cases and provides for a recovery in an environment of serious, practical risks and/or impediments to the ultimate success of the claims.  Thus, the requested fee is reasonable in relation to the benefit achieved.

### E.    Proportionality is Not Appropriate in Assessing The Fee Request

Some courts have raised a concern in consumer protection cases as to whether the requested fee is reasonable in light of the amount of the sums earmarked for class members.

---

[1]     Judge Posner compares the economics of contingency fee arrangements to the making of a loan. Judge Posner points out that the interest rate on the "loan" of the attorneys' services should be much higher than the interest on a conventional loan because the risk of default (*i.e.*, the risk of losing the case) is much higher and the loan may be outstanding for many more years without payment.  Richard Posner, ECONOMIC ANALYSIS OF LAW, §219.9, at 534-35 (3d ed. 1986).

However, the fact that the expected amount of $13.14 to be distributed to each individual Class member may not be a great sum in relation to Plaintiff's fee request does not make that request unreasonable.   Since Plaintiff prevailed on the statutory fee-shifting claim raised in the Complaint, the fee award cannot be diminished to maintain some ratio between the fee and the damages. *United Auto Workers Local 259 Social Sec. Dept. v. Metro Auto Center*, 501 F.3d 283, 291 (3d Cir. 2007, citing to *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031,1041-42 (3d Cir. 1996).  *See also Sheffer v. Experian Information Solutions, Inc*., 290 F.Supp.2d 538, 550-51 (E.D. Pa. 2003) ("proportionality analysis between the amount of damages awarded and the amount of counsel fees requested … is an impermissible basis upon which to reduce a fee award"); *Bonett v. Education Debt Services, Inc*., 2003 WL 21658267, *8 (E.D. Pa. May 9, 2003); *Oslan v. Law Offices of Mitchell N. Kay*, 232 F.Supp.2d 436, 444 (E.D. Pa. 2002).  This is especially true where, as here, a plaintiff has achieved a future benefit for a class as well as the general public, in addition to monetary compensation.

Under fee-shifting statutes such as the CFA, the amount of attorney fees awarded is not required to be proportionate to the amount of damages recovered.  This is to encourage private counsel to enforce important consumer rights legislation.  Noting that Congress contemplated that civil plaintiffs would act as private attorneys general, the Third Circuit has stated:

> Congress provided fee shifting to enhance enforcement of important civil rights, consumer protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated.

*Student Public Interest Research Group of New Jersey v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir. 1988).  One of the basic realities of consumer litigation was recognized by

the Fifth Circuit in *McGowan v. King Inc.,* 661 F.2d 48, 51 (5th Cir. 1981), where the court

stated:

> The borrower's counsel did not inflate this small [Truth-In-Lending] case into a
> large one; its protraction resulted from the stalwart defense.   And although
> Defendants are not required to yield an inch or to pay a dime not due, they may by
> militant resistance increase the exertions required of their opponents and thus, if
> unsuccessful, be required to bear that cost.

*See also, Newman v. Piggy Park Enters., Inc.*, 390 U.S. 400, 402 (1968); *Perry v. Fleet Boston*

*Financial Corp*., 229 F.R.D. 105, 123 (E.D. Pa. 2005) (noting importance of awarding fees in

consumer protection class litigation that "addresses important consumer concerns that would

likely be ignored without such class action lawsuits [and] must be encouraged").

The same principles apply here in the context of a settled case.   While the fees sought by

Plaintiff's counsel might be considered by some to be relatively large in relation to the amount of

the individual awards available to members of the Class, in actuality the fees are reasonable

under the circumstances.

### F.      The Standing Of The Attorneys Involved

The attorneys involved in this case have reputations in Pennsylvania, New Jersey and

nationally for handling class action litigation.   See attached Declarations.   Class Counsel have

worked together in the past and worked together here in a coordinated manner to avoid

duplication of effort and achieve the settlement.   Class Counsel have either described their

experience in their Declarations and/or included their firm biographies as exhibits submitted in

support of fees.

### G.      The Absence of Objections

As indicated above, the notice disseminated to class members stated that Class Counsel

would seek an award of the counsel fees and costs not in excess of $300,000, subject to Court

approval.  With the exception of the costs of notice and settlement administration costs paid by Defendant, costs and expenses were borne by Class Counsel to litigate this action.  Out of all the Class members receiving notice, no Class member has objected to payment of the requested fees and cost reimbursement. The lack of any serious objection is a highly significant indicator of the reasonableness of the fee request.  *See Perry,* 229 F.R.D. at 124.

Class Counsel has worked diligently and has achieved this beneficial result through their combined, coordinated efforts.  Counsels' ability to effectively bring this case to a conclusion should be reflected in the awarding of the full fee requested.

## IV.   CLASS COUNSEL SHOULD BE REIMBURSED THEIR REASONABLE EXPENSES

The efforts of Class Counsel have resulted in substantial common benefits to the class.  In doing so, Class Counsel incurred out-of-pocket expenses in the aggregate amount of  $4874.53, for filing, postage, travel, research and copying costs. *See* Declarations at Appendices I-II. These costs are eminently reasonable in light of the nature of the action and the tasks that needed to be performed.

## V.   INDIVIDUAL SETTLEMENT AWARD

Plaintiff's counsel also seeks this Court's approval of a $6,000.00 individual settlement award for Plaintiff Fredric Baker, for his willingness to undertake the risks of this litigation and shoulder the burden of such litigation.  In this case, there would be no benefit to Class members if the Class representative had not stepped forward.  Mr. Baker devoted time and energy to the litigation, including reviewing documents and consulting with counsel as necessary, and totally fulfilled his obligations as Class representative. Class Counsel therefore request that the Class representative receive an individual settlement award of $6,000.00.  This award represents statutory damages under the CFA, as well as recognition of the benefit of the settlement Plaintiff

has achieved for the Class.  Class members were notified that Class Counsel would request an award for Mr. Baker in this amount and no Class member objected.

This award is well within the range of awards made in similar cases.  *See McGee,* 2009 WL 539893 at *18 ($3,500); *Barel v. Bank of America,* 255 F.R.D. at 402-403 ($10,000); *Perry*, 229 F.R.D. at 118 (awarding $5,000, and citing cases); *Roberts v. Texaco, Inc.,* 979 F. Supp. 185, 188 (S.D.N.Y. 1997) (awarding $25,000 to $85,000 incentive awards).  Accordingly, the award requested for Mr. Baker should be approved.

## VI.  CONCLUSION

Under all the circumstances existing here, the request for an individual settlement award for the Plaintiff and for fees and costs is more than reasonable.  For all the foregoing reasons, Plaintiff requests that the Court approve an individual settlement award for Mr. Baker in the amount of $6,000 and award his counsel their reasonable attorneys' fees and reimbursement of expenses in the total amount of $294,634.03.

Date: February 18, 2013                          Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

*/s/ James A. Francis*
JAMES A. FRANCIS
100 South Broad Street, 19th Floor
Philadelphia, PA 19110
(215) 735-8600

**DONOVAN AXLER, LLC**
NOAH I. AXLER
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 732-6067

## CERTIFICATE OF SERVICE

I, **JAMES A. FRANCIS**, do hereby certify that, on this date, I caused a true and correct copy of the foregoing Motion to be served via the Court's ECF Notification system upon the following counsel of record:

Kelly S. Crawford, Esquire
Riker Danzig Scherer Hyland & Perretti, LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981

Attorneys for Defendants Inter National Bank
And Netspend Corporation

**FRANCIS & MAILMAN, P.C.**

  /s/ James A. Francis
JAMES A. FRANCIS
Attorney for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Dated:  February 18, 2013