IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDRIC J. BAKER, <br><br> Plaintiffs, <br><br> v. <br><br> INTER NATIONAL BANK, et al., <br><br> Defendants. | Civil Action No. 08-5668 (JHR/KMW) |

### FINAL JUDGMENT AND ORDER

This matter, having come before the Court on Plaintiff's Motion for Final Approval of the proposed class action settlement with Defendants Inter National Bank and Netspend Corporation; the Court having considered all papers filed and arguments made with respect to the settlement, and having provisionally certified, by Order entered November 13, 2012 (Doc. 104, a settlement class, and the Court, being fully advised in the premises, finds that:

1. This action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The class as defined in the Settlement Agreement (the "Settlement Class") is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Class Representative are typical of

the claims of the Settlement Class, and the Class Representative will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2. Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such Notice by mail, email and by publication has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

3. The Defendants have timely filed notification of this settlement with the appropriate federal officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notification and accompanying materials, and finds that the Defendants' notification complies fully with the applicable requirements of CAFA.

4. The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by the Class Representative.

5. The settlement as set forth in the Settlement Agreement is fair, reasonable and adequate to the Settlement Class members in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages and in maintaining the class action through trial and appeal.

6. The relief provided under the settlement constitutes fair value given in exchange for the Release of the Released Claims only against the Released Parties, as those terms are defined in the Settlement Agreement.

7.  The persons listed on Exhibit A hereto have validly excluded themselves from the Settlement Class in accordance with the provisions of the Preliminary Approval Order.

8.  The parties and each Settlement Class member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

9.  It is in the best interests of the parties and the Settlement Class members and consistent with principles of judicial economy that any dispute between any Settlement Class member (including any dispute as to whether any person is a Settlement Class member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

10. This action is finally certified as a class action against Defendants Inter National Bank and Netspend Corporation on behalf of a Settlement Class defined as follows:

> All persons who purchased or used an All-Access Visa Gift Card in the form attached to the Complaint, in any amount, in the State of New Jersey at any time during the time period from November 17, 2002 up to and including the date of the Settlement Agreement.

11. The Settlement Agreement submitted by the parties, specifically including Defendants' agreement to revise the product representations challenged by Plaintiff in this case, is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Settlement Class and the parties are directed to consummate the Agreement in accordance with its terms.

12. This action is hereby dismissed on the merits, with prejudice and without costs.

13. As agreed by the parties in the Settlement Agreement, upon the Effective Date, NetSpend and INB and each of their present, former and future subsidiaries, affiliates, parents, predecessors, successors and assigns, and all of their representatives, officers, directors, employees, agents, attorneys, shareholders, insurers, vendors, suppliers, manufacturers, distributors, and anyone else engaged in any aspect of the issuing, servicing, sales, marketing and/or distribution of the Gift Cards, jointly and severally, shall be released from any and all causes of action, claims, and demands of any nature whatsoever, asserted or unasserted, arising out of, or relating in any way to the claims asserted in the Complaint. Further, upon the Effective Date, Defendants, on behalf of themselves and on behalf of the Released Parties, shall forever release and discharge Plaintiff Frederic J. Baker, his present and former attorneys, administrators, heirs, agents, insurance carriers, successors, and assigns, from any and all causes of action, claims, and demands of any nature whatsoever, asserted or unasserted, arising out of, or relating in any way to, the institution, prosecution, or resolution of the litigation.

14. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendants and each member of the Settlement Class for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Settlement Class member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of

action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

15. Upon consideration of Class Counsel's application for fees and expenses, the Court shall enter a separate Order awarding reasonable fees and expenses in an amount to be set forth in that Order.

16. Upon consideration of the application for an individual settlement award, the Class Representative, Fredric J. Baker, is awarded the sum of six thousand dollars ($6,000.00) in consideration for his individual claims against the Defendants and for the valuable service he has performed for and on behalf of the Settlement Class.

17. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

BY THE COURT:

_____
JOSEPH H. RODRIGUEZ, U.S.D.J.

Dated: February 28, 2013